UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANIAH GILBERT,

    Plaintiff,

v.

HNERY FORD HOSPITAL, et al.,

    Defendants.

Case No. 25-cv-14156

Honorable Robert J. White

**ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

    Janiah Gilbert commenced what appears to be a personal injury action against Henry Ford Hospital and medical providers affiliated with that institution. Although the complaint's factual allegations are difficult to discern, they seem to involve the birth of her most recent child. (ECF No. 1, PageID.5-6). Some of the allegations also pertain to stripping Gilbert of parental custody of her other children and committing her to a "mental hospital." (*Id.*, PageID.6; *see also* PageID.5). After reviewing the complaint, the Court finds that it lacks the requisite subject matter jurisdiction to entertain this litigation.

    The two most common bases of federal subject matter jurisdiction arise from (1) the presentation of a federal question, or (2) the existence of complete diversity

of citizenship between the parties.  Gilbert cannot invoke federal question jurisdiction because none of her allegations "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Diversity jurisdiction is also lacking.  Because Gilbert and the named defendants all appear to be Michigan citizens the suit is not "between . . . [c]itizens of different states." 28 U.S.C. § 1332(a)(1).

Having failed to otherwise show that subject matter jurisdiction exists to proceed with this case, the Court will dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3).  The Court is without jurisdiction when, as here, "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974).[1] Accordingly,

---

[1] Gilbert designates *Gilbert v. Henry Ford Hospital*, Case No. 25-13464, as a companion case to this litigation. (ECF No. 1, PageID.9).  In that case, another district judge dismissed the complaint without prejudice for lack of subject matter jurisdiction. (Case No. 25-13464, ECF No. 6, PageID.19-20).  While the allegations in the two cases appear to overlap, Gilbert's most recent complaint contains additional information omitted from the previous action.  Even still, the result is the same: the Court lacks the necessary subject matter jurisdiction address Gilbert's claims – whatever those may be.

IT IS ORDERED that the complaint (ECF No. 1) is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* (ECF No. 2) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

Dated: January 13, 2026                   s/ Robert J. White
                                                                Robert J. White
                                                                United States District Judge